■ EDWARD MOCH, Respondent, v. CHARLES DURKIN et al., as Trustees of the New York State Teamsters Conference Pension and Retirement Fund, Appellants.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, in favor of respondent entered upon a decision of the court at a Trial Term, without a jury. Respondent in the instant action seeks to compel appellants to pay him a pension from a Pension Plan Fund which they administer. On February 2, 1960 respondent applied to appellants for retirement benefits. However, to be eligible for a pension under the instant plan there must have been contributed on an employee's behalf $75 or more in at least two years prior to 1961. Appellants determined that respondent had only one such year and on April 5, 1960 denied his application. Respondent thereafter discovered that in 1957 he had been credited with only $68.47 because one employer, in the mistaken belief that no contributions were required for an extra helper, had failed to contribute the sum of $23.76 on his behalf. If this additional amount had been paid he would, of course, have been eligible. When this employer was informed of this error he promptly tendered a check for the

delinquent contribution to the appellants which check the appellants retained but did not cash. Despite this explanation for the delinquency and tender thereof appellants still denied respondent his request for a pension taking the position that the filing of an application for pension benefits bars the acceptance of any retroactive contributions designed to effect benefit rights. The Trial Judge decided in favor of respondent and the instant appeal ensued. We concur in the trial court's decision in favor of the respondent. Appellants concede that if the employer had paid the required contribution of $23.76 in behalf of respondent at any time prior to the receipt of his application, the pension would have been granted despite the delinquency of the payment but, as noted, assert that once the application is filed any correction is precluded. It would appear then that what respondent should have done was, as the record reveals another union member did, write to the appellants prior to making a formal application inquiring as to his standing so that if a delinquency existed he could correct it prior to the submission of his formal pension application. Assuming some rationality to requiring such an approach, it is patently evident that appellants did not communicate this procedure to prospective pension applicants and that if respondent had been aware of this rule he presumably would, as his fellow union member did, have investigated his status and had the delinquency corrected so as to make himself eligible for benefits. In our opinion, since the pension plan itself contains no express provision relating to delinquent contributions and particularly since a pension applicant could not only not be said to realize without notice that the procedure was as set down by appellants, but, in fact, would assume otherwise, the appellants had an affirmative duty to notify prospective applicants of the established procedure and in particular that all delinquencies had to be corrected prior to filing a formal application (see *Kosty* v. *Lewis*, 319 F. 2d 744; *Branch* v. *White*, 99 N. J. Super. 295). This fiduciary obligation appellants did not meet and they are therefore under the circumstances of this case estopped to deny respondent his pension rights. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.